Filed 5/22/26  P. v. Cooper CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>SYDNEY COOPER,<br><br>      Defendant and Appellant. | B343399<br><br>(Los Angeles County<br> Super. Ct. No. LA008826) |

APPEAL from an order of the Superior Court of Los Angeles County, Alan Schneider, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, and Sydney Cooper, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

Defendant Sydney Cooper (Cooper) was convicted of second-degree murder.  In 2024, Cooper filed a petition for resentencing pursuant to Penal

Code section 1170.95 (1172.6).[1]  The trial court denied Cooper's petition at the prima facie stage, finding he was ineligible for resentencing relief as a matter of law.  On appeal, Cooper's appointed counsel filed a brief that summarized the procedural history of the case, raised no issues for appellate review, and asked this court to allow Cooper to file a supplemental brief under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Cooper then submitted a supplemental brief.  After reviewing the contentions raised in Cooper's brief, we affirm the denial of his resentencing petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1992, a jury convicted Cooper of a second-degree murder (§ 187, subd. (a)) and found that he personally used a firearm (§ 12022.5) and inflicted great bodily injury by discharging a firearm from a vehicle (§ 12022.55).  Cooper was sentenced to 15 years to life, plus an additional five years for the enhancement under section 12022.55, for a total term of 20 years to life.  On direct appeal, a different panel of this Court affirmed Cooper's conviction.  (*People v. Cooper* (Sept. 7, 1994, B073725) [nonpub. opn.].)

In March 2024, Cooper filed a petition for resentencing pursuant to section 1172.6.  The petition claimed that Cooper was convicted of murder pursuant to the felony murder rule or the natural and probable consequences doctrine and that he could not now be convicted of murder because of the changes made to sections 188 and 189.  The trial court appointed counsel for Cooper and directed the People to file a response to the petition.

---

[1]  All further unspecified statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  For ease of reference, we will refer to the section by its new numbering only.

2

The People opposed Cooper's resentencing petition, arguing Cooper was ineligible for relief as a matter of law because the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice. The People argued Cooper was convicted as the actual killer who acted with actual malice.

After two continuances, the trial court held a hearing on the merits of Cooper's resentencing petition. The court denied the petition at the prima facie stage, concluding the jury instructions given at trial showed he was convicted as "the actual perpetrator who acted with actual malice." Cooper appealed.

## DISCUSSION

### I. *Legal Standards*

Senate Bill No. 1437 (SB 1437) was enacted by the Legislature to ensure a person's sentence is commensurate with the person's individual criminal culpability. To accomplish this goal, SB 1437 added sections 188, subdivision (a)(3), and section 189, subdivision (e), which collectively limit accomplice liability under the felony-murder rule, eliminate the natural and probable consequences doctrine as it relates to murder, and eliminate convictions for murder based on a theory which allows malice to be imputed to a person based solely on that person's participation in a crime. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)

SB 1437 also created a procedure, codified at section 1172.6, which allows persons convicted of murder to file a petition for resentencing if they could no longer be convicted of those crimes under the law as amended by SB 1437 and SB 775. (*Lewis*, *supra*, 11 Cal.5th at p. 959; *Gentile*, *supra*, 10

3

Cal.5th at p. 847.) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The bar for this prima facie showing was "'intentionally and correctly set very low.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) In conducting its prima facie review, the trial court may not engage in fact-finding involving the weighing of evidence or credibility determinations and must assume the truth of all facts stated in the petition. (*Id.* at pp. 971–972; *People v. Flint* (2022) 75 Cal.App.5th 607, 612.) "Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. '"[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'"' thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) Therefore, "[i]n making the prima facie determination, the court may rely on the record of conviction, including the jury instructions and verdict forms." (*People v. Nguyen* (2024) 103 Cal.App.5th 668, 677.)

We review de novo whether the trial court properly denied Cooper's petition at the prima facie stage. (*People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

II.  *Cooper is Ineligible for Relief*

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual

4

killer, or . . . acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14 (*Lopez*).)

The jury instructions and verdict establish that Cooper is ineligible for relief because he was found to have acted with malice that was not imputed to him based solely on his participation in a crime. The jury found Cooper guilty of second-degree murder and found true the allegation that he personally used a firearm. At his trial, the jury was instructed with CALJIC No. 8.10, which stated that Cooper could not be found guilty of murder absent proof that he killed the victim "with malice aforethought." The jury was also given CALJIC No. 8.30, which defined second-degree murder as "the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation."

Critically, the jury was not instructed on the felony murder rule, the natural and probable consequences doctrine, or any theory that permitted the jury to impute malice to him based on his participation in a crime. The instructions given at Cooper's trial establish that, in finding him guilty of second-degree murder, the jury determined that he acted both with malice and with an intent to kill. Cooper has not identified any alternative theory that was presented to the jury that would have resulted in a conviction for second-degree murder based on a theory of imputed malice. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 409–410, [it is the appellant's burden to demonstrate error].)

We therefore conclude Cooper is ineligible for resentencing relief under section 1172.6 and affirm the trial court's denial of his petition at the prima facie stage. (*Lopez, supra*, 78 Cal.App.5th at p. 14.)

III.    *Cooper's Remaining Claims of Error*

In his supplemental brief, Cooper raises various claims of error, none of which suggest that he is eligible for relief under section 1172.6.

Cooper argues his due process rights were violated because the attorney appointed by the trial court disobeyed Cooper's instruction to argue that he was eligible for resentencing relief under *People v. McCloud* (May 31, 2022, B313643 [nonpub. opn.]) (*McCloud*). We reject this argument. The opinion in *McCloud* was not certified for publication. California Rules of Court, rule 8.1115(a), provides that unpublished opinions "must not be cited or relied on by a court or a party in any other action."[2] Cooper's appointed counsel in the trial court was therefore expressly barred from citing or relying on *McCloud* to suggest that Cooper was eligible for relief under section 1172.6. In the face of rule 8.1115(a), Cooper cannot establish error by his appointed counsel below.

Cooper similarly claims his appellate counsel provided ineffective assistance by failing to argue for appellate relief based on the purported error by his appointed counsel below. We disagree. We have already determined that Cooper's appointed counsel did not err by failing to cite to or rely on unpublished authority. It would have been futile for Cooper's appellate counsel to raise this line of argument on appeal. "Counsel is not ineffective for failing to make frivolous or futile [arguments]." (*People v. Thompson* (2010) 49 Cal.4th 79, 122.)

Cooper also uses his supplemental brief to re-argue a motion to augment the record that this Court previously denied. Cooper argues

---

[2] California Rules of Court, rule 8.1115(b) provides limited exceptions to this rule, none of which apply here.

transcripts from the trial court's July 17, 2024, and August 20, 2024, hearings are necessary to establish that his trial counsel refused to raise the *McCloud* case below. We note the transcript from the August 20, 2024, hearing already appears in the record on appeal and therefore Cooper's motion to augment the record to include that transcript is moot. Further, we have already established that Cooper's appointed counsel below did not err in failing to cite *McCloud*. Accordingly, Cooper cannot establish any prejudice flowing from our denial of his motion to augment the record with a transcript from the July 17, 2024, hearing.[3] (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 [to establish reversible error, appellant must show a reasonable probability of obtaining a more favorable result absent alleged error].)

## DISPOSITION

The order denying Cooper's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, P. J.

---

[3] We also note that the trial court's minute order memorializing the July 17, 2024, hearing states only that the hearing on Cooper's petition was continued to August 20, 2024, at the request of his counsel. There is no indication in the record that the merits of Cooper's resentencing petition were discussed at the July hearing or that the hearing was relevant to any issues raised on appeal.

WE CONCUR:


TAMZARIAN, J.


COGLIATI, J.*

---

*Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.